(No. 4109—)

ILLINOIS CENTRAL RAILROAD COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 17, 1949.*

GRAHAM AND GRAHAM, Attorneys for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, for Respondent.

DELANEY, J.

This is a claim by the claimant, Illinois Central Railroad Company, for demurrage on cars of coal and other commodities arising at the Lincoln State School and Colony, Lincoln, Illinois, during the months of May and June, 1947.

The evidence shows that during the months of May and June, 1947, the claimant delivered a number of cars on the siding to the respondent, the State School and Colony. The respondent, the State School and Colony, were notified by the claimant as each car was delivered, and the respondent in turn notified the claimant when the cars were unloaded.

The departmental report filed herein states in Paragraph 10 of the report that the unloading of all coal and other freights at the Lincoln State School and Colony was handled by inmates and employees of the institution. Certain employees were prevented from operating machinery which was used in unloading coal by the union of which the employees were members. This jurisdictional dispute prevented the clearing of materials along side of the tracks on the institution grounds and resulted in the delay in unloading the cars for which demurrage charges are now claimed.

The claimant contends that there was in force a contract called "An Average Agreement" between the Illinois Central Railroad Company and the Lincoln State School and Colony under which the demurrage is to be computed. A copy of the purported agreement dated August 26, 1937, signed by one A. E. Causey as acting managing officer of the Lincoln State School and Colony

was admitted in evidence by the Commissioner over the objections of the respondent. Said agreement stated that it was to continue until termination, by written notice from either party.

The claimant states in its brief that a letter was shown at the hearing before the Commissioner which was apparently a reply or answer to an inquiry previously made by the Attorney General, and that such letter was not introduced and is not a part of the record herein. The letter to which the claimant refers is the report of the Department of Public Welfare, dated December 29, 1948, signed by Cassius Poust, Director. Said report has been filed in this cause, and a copy thereof delivered to the counsel for claimant under Rule 16 of the Court of Claims.

The report of the Department of Public Welfare is prima facie evidence of the facts set forth therein by Rule 16 of the Court of Claims which provides:

"All records and files maintained in the regular course of business by any State department, commission, board or agency, of the respondent, and all departmental reports made by any officer thereof, relating to any matter or case pending before the Court shall be prima facie evidence of the facts set forth therein; provided, a copy thereof shall have been first duly mailed or delivered by the Attorney General to the claimant or his attorney of record."

This Court has heretofore held that one dealing with an officer or agent of the State is to ascertain the extent of authority of said officer or agent to bind the State. It is clear that the managing officer of a State charitable institution has no authority to enter such an agreement, and that the purported agreement herein is null and void and of no effect. The executive and administrative supervisor of State charitable institutions is in the Department of Public Welfare by express statutory provisions.

In the case of *Illinois Central Railroad Company* vs.

*State,* 10 C.C.R. 493, the claimant sought an award for repairing a spur track which connected its railroad but which was owned by the State of Illinois and located on the grounds of the Kankakee State Hospital. The claimant had entered into a written agreement with the ground superintendent of the Kankakee State Hospital, and the repairs which required expenditures, both for labor and materials, had been completed. The Court held that the contract was invalid and that, therefore, the claim must be denied, and made the following statement:

"Counsel for claimant filed an able and persuasive reply brief but we are compelled to hold that whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it or furnish it supplies do so with reference to the law, and, if they go beyond the limitations imposed, they do so at their peril. This may seem unjust to the claimant but the answer to that is:

That it is better that a private individual suffer as plaintiff must do in this case than have this Court let down the bars and permit statutory enactments for the benefit of the public at large to be ignored so that the unscrupulous may unfairly and unjustly obtain public moneys. We cannot recognize or put the stamp of approval on the actions of the State officials in entering into such an informal contract."

The Constitution of the State of Illinois specifically precludes the payment of any claim against the State under any agreement or contract made without express authority of law. The purported agreement upon which this claim is based was made without express authority of law and therefore is barred by Section 4 of Article 19 of the Constitution of the State of Illinois of 1870 which provides as follows:

"The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreement or contracts shall be null and void; provided, the General Assembly may make appropria-

tions for expenditures incurred in suppressing insurrection or repelling invasion."

For the reasons assigned, this claim must be denied. Award denied.